## UNITED STATES DISTRICT COURT
## DISTRICT OF KANSAS

| | |
|---|---|
| **MARLON ROBERTSON, individually, and on behalf of all others similarly situated,** | |
| **Plaintiff,** | **CASE NO. _____** |
| **v.** | |
| **VVF INTERVEST, LLC, VVF KANSAS, LLC, & VVF KANSAS SERVICES, LLC** | |
| **Defendants.** | |

### PLAINTIFF'S CLASS & COLLECTIVE ACTION COMPLAINT & JURY DEMAND

Plaintiff Marlon Robertson ("Plaintiff"), individually, and on behalf of all others similarly situated, brings this Class and Collective Action Complaint against Defendants VVF Intervest, LLC ("VVF"), VVF Kansas LLC, and VVF Kansas Services, LLC (collectively, "Defendants"), and hereby state and allege as follows:

### INTRODUCTION

1.      Plaintiff and all other similarly situated employees previously worked or currently work for Defendants at one of Defendants' business locations in Kansas, Illinois, or Ohio. Plaintiff and all similarly situated employees were each employed by VVF and the local subsidiary for which they were employed.

2.      Pursuant to their company-wide policies, practices, and/or procedures, Defendants failed to pay Plaintiff, and other similarly situated employees, the wages that were due and owing pursuant to state and/or federal law for all hours worked in a single workweek.

1

3.    In particular, Defendants' timekeeping policies, practices, and/or procedures result in a failure to pay all wages due and owing under state and federal law or equity. The effects of these policies, practices, and/or procedures fall into three different categories:

     a.    Unlawful Rounding

     b.    Manipulation of the FLSA Workweek to Avoid Overtime

     c.    Deduction of Untaken/Interrupted Lunch Breaks

4.    Defendants' systematic violations of federal and state wage laws were willful and emanated from Defendant, VVF, the parent company of each location throughout the United States. VVF, along with its subsidiaries, set these policies in Kansas City, Kansas and applied them uniformly to each of its locations throughout the United States.

5.    Plaintiff, on behalf of himself individually and all others similarly situated, brings this lawsuit as: (a) a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime wages due and owed to Plaintiff and all other similarly situated workers employed by Defendants; (b) a Rule 23 class action pursuant to the Kansas Wage Payment Act ("KWPA"), Kan. Stat. Ann. § 44-313, *et seq.*, to recover unpaid straight time due and owed to Plaintiff and similarly situated workers employed by Defendants; and (c) a Rule 23 class action for unjust enrichment to recover unpaid straight time and overtime due and owed to Plaintiff and similarly situated workers employed by Defendants.

## JURISDICTION AND VENUE

6.    This Court has subject matter jurisdiction over this case on the basis of federal question jurisdiction and the Court's supplemental jurisdiction over claims arising from the same case or controversy.

7.    First, the FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Federal question jurisdiction over the FLSA

claims of Plaintiff and all others similarly situated is based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8.     Second, supplemental jurisdiction over the state law claims of Plaintiff and all others similarly situated exists based on 28 U.S.C. § 1367 in that such state law claims are so related to the FLSA claims that they form part of the same case or controversy.

9.     Personal jurisdiction exists over the Plaintiff's claims as against Defendants because Defendants' principal place of business is located within the District of Kansas.

10.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) and (b) because all Defendants are residents of the State of Kansas and a substantial part of the events or omissions giving rise to the claims set forth herein occurred in this judicial district.

## THE PARTIES

11.     Plaintiff Marlon A. Robertson is a resident of the State of Missouri. From approximately December 21, 2020 through the August 12, 2021, Plaintiff Robertson has been employed by Defendants as an hourly laborer at Defendants' place of business located in Kansas City, Kansas. Plaintiff Robertson's Consent to Be a Party Plaintiff pursuant to 29 U.S.C. § 216(b) is attached as **Exhibit 1**.

12.     Each of the Defendants are corporations organized under the State of Nevada and registered to do business and with their principal place of business located in the State of Kansas.

13.     Defendant VVF Intervest, LLC is the parent company that owns and operates subsidiary locations in Kansas, Illinois, and Ohio.

14.     Defendant VVF Intervest, LLC is a corporation organized under the laws of the State of Nevada, with its principal place of business located at 1705 Kansas Avenue, Kansas City, Kansas 66105. VVF Intervest, LLC is registered to do business and does business in the State of Kansas. VVF Intervest, LLC owns and operates locations where Plaintiff and others similarly situated are employed in Kansas, Illinois, and Ohio.

15.     Defendant VVF Kansas, LLC is a corporation organized under the laws of the State of Nevada, with its principal place of business located at 1705 Kansas Avenue, Kansas City, Kansas 66105. VVF Kansas, LLC is registered to do business and does business in the State of Kansas. According to its annual report filed with the State of Kansas on March 3, 2021, VVF Kansas, LLC is owned and operated by VVF Intervest, LLC. *VVF Kansas, LLC Annual Report,* **Exhibit 2**.

16.     Defendant VVF Kansas Services, LLC is a corporation organized under the laws of the State of Nevada, with its principal place of business located at 1705 Kansas Avenue, Kansas City, Kansas 66105. VVF Kansas Services, LLC is registered to do business and does business in the State of Kansas. According to its annual report filed with the State of Kansas on November 5, 2020, VVF Kansas Services, LLC is owned and operated by VVF Intervest, LLC. *VVF Kansas Services, LLC Annual Report,* **Exhibit 3**.

17.     At all relevant times, each Defendant is or has been an enterprise engaged in commerce or in the production of goods or services for commerce within the meaning of 29 U.S.C. § 203(s)(1), and, upon information and belief, has had an annual gross volume of sales made or business done of not less than $500,000.

18.     Plaintiff and all similarly situated employees are non-exempt, hourly laborers who work or worked for VVF and its subsidiary locations throughout the United States.

## VVF INTERVEST, LLC EMPLOYED EACH PLAINTIFF

19.     VVF operates a hub and spoke employment structure whereby, VVF, at the operational center of the wheel, has spokes leading out to each of its individual subsidiaries, such as Defendants VVF Kansas, LLC and VVF Kansas Services, LLC. By design, each individual location is the acknowledged employer of the employees, like Plaintiff and similarly situated employees, who physically work at one of Defendants' locations in Kansas, Illinois, and/or Ohio. In reality, VVF, from its position in the operational center of this structure, operates and instructs each of its subsidiaries on how and when to execute all manner of employment policies.

Defendants' locations and their affiliated subsidiaries must and do follow VVF's operational instructions. Due to the pervasive control VVF has exercised and continues to exercise over the employees at each of its locations, VVF is a joint employer of Plaintiff and all others similarly situated, along with each respective subsidiary Defendant.

20.     There is no material difference between the manner in which VVF treats each of its subsidiaries or the Plaintiff and similarly situated employees who work at each of Defendants' locations throughout the United States.

21.     At all relevant times, VVF, with and through the respective subsidiaries employed each Plaintiff and other similarly situated employee because:

      a.    VVF, with and through its subsidiary where each Plaintiff and/or similarly situated employee worked, had the power to and exercised control over the hiring and firing of Plaintiff and all other similarly situated employees;

      b.    VVF, with and through its subsidiary where each Plaintiff and/or similarly situated employee worked, had the right to and did supervise the work schedules, conditions of employment, and the manner in which Plaintiff and all other similarly situated employees performed their jobs;

      c.    VVF, with and through its subsidiary where each Plaintiff and/or similarly situated employee worked, determined the rate and method of payment for Plaintiff and all other similarly situated employees; and

      d.    VVF, with and through its subsidiary where each Plaintiff and/or similarly situated employee worked, maintained employment records for Plaintiff and all other similarly situated employees.

22.     At all times relevant to this action, Defendants acted by and through their agents, servants, and employees, each of whom acted at all relevant times herein in the course and scope of their employment with and for Defendants.

## OVERVIEW OF PLAINTIFF'S CLAIMS

23.     Plaintiff re-alleges and incorporates by reference the allegations set forth above.

24.     VVF has established a uniform and substantially policies, practices, and/or procedures regarding application of its timeclock rounding policy, calculation of weekly compensable hours worked, and automatic meal deductions for hourly employees at its locations throughout the United States.

### Overview of Defendants' Rounding Policies, Practices, and/or Procedures

25.     Plaintiff re-alleges and incorporates by reference the allegations set forth above.

26.     Defendants utilize a computerized system that tracks the exact time (accurate to 1 minute) an hourly laborer clocks in and clocks out of work.

27.     Even though Defendants maintain a system that records, to the minute, the time an employee clocks in and clocks out, Defendants utilize a rounding system in computing payroll.

28.     Per Defendants' rounding policies, practices, and/or procedures, Defendants' employees' clock-in and clock-out times are rounded to the benefit of Defendants. In instances where rounding of clock-in or clock-out times would not benefit the Defendants, such clock-in or clock-out times are not rounded.

29.     Defendants' rounding policies, practices, and/or procedures are not neutral and is only utilized in such a way that it will result in an underpayment of wages to Plaintiff and other similarly situated employees.

30.     Defendants' rounding policies, practices, and/or procedures are used in such a manner that it has resulted, over a period of time, in the failure to compensate Plaintiff and all similarly situated employees properly for all time they have actually worked.

### Overview of Defendants' Workweek Manipulation to Avoid Overtime

31.     Plaintiff re-alleges and incorporates by reference the allegations set forth above.

32.     Defendants have policies, practices, and/or procedures that result in manipulation of the defined FLSA workweek. The changes to the defined FLSA workweek are not intended to be permanent and are designed to evade the overtime requirements of the FLSA.

6

33.     Defendants' have defined their FLSA workweek to run from 12:00 a.m. Sunday until 11:59 p.m. on Saturday.

34.     Defendants' policies, practices, and/or procedures cause overtime hours worked on Saturday prior to 11:59 p.m. to be paid in the subsequent workweek to evade the overtime requirements of the FLSA.

35.     Defendants' policies, practices, and/or procedures of treating hours worked in one FLSA workweek as hours worked in another workweek results in a failure to pay all overtime compensation due and owing.

<u>**Overview of Defendants' Auto Deduction of Non-Bona Fide Meal Periods**</u>

36.     Plaintiff re-alleges and incorporates by reference the allegations set forth above.

37.     Plaintiff and similarly situated putative class members are discouraged from leaving the business premises during their scheduled shift and are expected to be ready and able to work at all times during their scheduled shift.

38.     Plaintiff and similarly situated putative class members often perform compensable work for Defendants during their uncompensated "meal breaks."

39.     Defendants do not ensure that Plaintiff and similarly situated putative class members are completely relieved from their work duties during their uncompensated "meal breaks."

40.     Defendants do not prohibit Plaintiff and similarly situated putative class members from working during their "meal breaks" and routinely suffer and permit Plaintiff and similarly situated putative class members to perform work during such "meal breaks."

41.     Defendants routinely fail to ensure that unauthorized work is not being performed during employee "meal breaks."

42.     In fact, although Defendants automatically deduct thirty (30) minute meal periods, Defendants expect Plaintiff and similarly situated putative class members to be available to work throughout their shifts and consistently require employees to work during unpaid "meal breaks."

43.     Plaintiff and similarly situated putative class members are frequently expected to respond to business needs during unpaid "meal breaks."

44.     Plaintiff and similarly situated putative class members are never truly relieved from duty during such unpaid "meal breaks," because they are discouraged from leaving the premises and are required to be ready to return to work at a moment's notice.

45.     Defendants know or should have known that Plaintiff and similarly situated putative class members were working during their unpaid "meal breaks."

46.     Plaintiff and similarly situated putative class members perform work for Defendants on Defendants' premises, in plain sight, and at management's request during their unpaid "meal breaks."

47.     Defendants have observed Plaintiff and similarly situated putative class members working through their unpaid "meal breaks."

48.     Given the demands of Defendants that are placed on Plaintiff and similarly situated putative class members, Defendants know that Plaintiff and similarly situated putative class members are regularly assigned work and do perform work during their unpaid "meal breaks."

49.     Plaintiff and similarly situated putative class members are not given any mechanism to ensure that they are paid for a non-qualifying "meal break" and even if they were, that would illegally shift the burden on to Plaintiff and similarly situated putative class members to ensure that they are properly compensated.

50.     Even though Defendants know that Plaintiff and similarly situated putative class members are working during "meal breaks," Defendants fail to compensate Plaintiff and similarly situated putative class members for their work, electing instead to sit back and accept the benefits of Plaintiff and similarly situated putative class members' uncompensated work.

51.     Upon information and belief, Defendants work Plaintiff and similarly situated putative class members "off the clock."

**Example Overview of Damages**

8

52.     Plaintiff re-alleges and incorporates by reference the allegations set forth above.

53.     Comparison of Plaintiff Robertson's time records and payroll records during the week of January 3, 2021 demonstrates the problems with Defendants' compensation policies, practices, and/or procedures that have led to Plaintiff's legal claims:

      a.  On Sunday, January 3, 2021, Plaintiff Robertson clocked in at 10:58 p.m. and clocked out at 7:30 a.m. If properly calculated, Plaintiff Robertson should have been credited with working 8.53 hours. Defendants' policies, practices, and/or procedures resulted in Plaintiff Robertson's hours being rounded down to 8.00 hours. As a result, Defendants' rounding policies, practices, and/or procedures resulted in Plaintiff Robertson losing nearly thirty-two (32) minutes of work that shift.

      b.  On Monday, January 4, 2021, Plaintiff Robertson clocked in at 10:54 p.m. and clocked out at 7:30 a.m. If properly calculated, Plaintiff Robertson should have been credited with working 8.60 hours. Defendants' policies, practices, and/or procedures resulted in Plaintiff Robertson's hours being rounded down to 8.00 hours. As a result, Defendants' rounding policies, practices, and/or procedures resulted in Plaintiff Robertson losing thirty-six (36) minutes of work that shift.

      c.  On Tuesday, January 5, 2021, Plaintiff Robertson clocked in at 10:47 p.m. and clocked out at 7:30 a.m. If properly calculated, Plaintiff Robertson should have been credited with working 8.72 hours. Defendants' policies, practices, and/or procedures resulted in Plaintiff Robertson's hours being rounded down to 8.00 hours. As a result, Defendants' rounding policies, practices, and/or procedures resulted in Plaintiff Robertson losing slightly more than forty-three (43) minutes of work that shift.

      d.  On Wednesday, January 6, 2021, Plaintiff Robertson clocked in at 10:53 p.m. and clocked out at 7:30 a.m. If properly calculated, Plaintiff Robertson should have

been credited with working 8.62 hours. Defendants' policies, practices, and/or procedures resulted in Plaintiff Robertson's hours being rounded down to 8.00 hours. As a result, Defendants' rounding policies, practices, and/or procedures resulted in Plaintiff Robertson losing slightly more than thirty-seven (37) minutes of work that shift.

e.  On Thursday, January 7, 2021, Plaintiff Robertson clocked in at 10:59 p.m. and clocked out at 7:31 a.m. If properly calculated, Plaintiff Robertson should have been credited with working 8.53 hours. Defendants' policies, practices, and/or procedures resulted in Plaintiff Robertson's hours being rounded down to 8.00 hours. As a result, Defendants' rounding policies, practices, and/or procedures resulted in Plaintiff Robertson losing nearly thirty-two (32) minutes of work that shift.

f.  On Friday, January 8, 2021, Plaintiff Robertson clocked in at 10:59 p.m. and clocked out at 7:30 a.m. If properly calculated, Plaintiff Robertson should have been credited with working 8.52 hours. Defendants' policies, practices, and/or procedures resulted in Plaintiff Robertson's hours being rounded down to 8.00 hours. As a result, Defendants' rounding policies, practices, and/or procedures resulted in Plaintiff Robertson losing slightly more than thirty-one (31) minutes of work that shift.

g.  On Saturday, January 9, 2021, Plaintiff Robertson clocked in at 11:05 p.m. and clocked out at 7:30 a.m. If properly calculated, Plaintiff Robertson should have been credited with working 8.42 hours. As rounding of this time entry to 11:00 p.m. would have benefited Plaintiff Robertson, Defendants' policies, practices, and/or procedures resulted in Plaintiff Robertson's hours not being rounded and his time was calculated as 8.42 hours. Defendants' rounding policies, practices, and/or procedures did not result in any loss or gain of hours on this date.

10

h.   In total, during the workweek beginning Sunday, January 3, 2021 through Saturday, January 9, 2021, Plaintiff Robertson should have been paid for 52.43[1] hours. However, Defendants' policies, practices, and/or procedures resulted in Plaintiff only being paid for 8.00 hours for each of his shifts between January 3, 2021 and January 8, 2021, resulting in payment for only 48.00 hours. Plaintiff Robertson was not paid for any of the time working between 11:05 p.m. to 12:00 p.m. on Saturday, January 9, 2021; the entirety of the hours worked during this shift was paid in the following workweek beginning on January 10, 2021, denying Plaintiff Robertson fifty-five minutes of overtime worked on Saturday, January 9, 2021. As a result of the application of Defendants' policies, practices, and/or procedures, Plaintiff Robertson was denied overtime compensation for 4.43 hours.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

54.   Plaintiff re-alleges and incorporates by reference the allegations set forth above.

55.   Plaintiff brings Cause of Action One, the FLSA claim arising out of Defendants' unlawful rounding policies, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself individually and the following similarly situated collective action class:

**Fair Labor Standards Act Unlawful Rounding Policy Collective**

All persons currently or formerly employed by Defendants in hourly positions who worked and clocked in and out on an automated timeclock at any time from November 2, 2018 to the present.

56.   Plaintiff brings Cause of Action Two, the FLSA claim arising out of Defendants' unlawful manipulation of the FLSA workweek policy, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself individually and the following collective action class:

**Fair Labor Standards Act Unlawful Workweek Manipulation Policy Collective**

---

[1] According to payroll records, Defendants' FLSA workweek runs from Sunday through Saturday. As a result, only 55 minutes are attributed to Plaintiff Robertson's shift that began on Saturday, January 9, 2021 at 11:05 p.m. and ended on Sunday, January 10, 2021 at 7:30 a.m.

All persons currently or formerly employed by Defendants in hourly positions who worked a shift that began on a Saturday and ended on a Sunday during any workweek from November 2, 2018 to the present.

57.     Plaintiff brings Cause of Action Three, the FLSA claim arising out of Defendants' automatic deduction of lunch breaks, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself individually and the following collective action class:

**Fair Labor Standards Act Unlawful Deduction Policy Collective**

All persons currently or formerly employed by Defendants in hourly positions whose hours worked were automatically deducted for lunch breaks at any time from November 2, 2018 to the present.

58.     Plaintiff's FLSA claims (Causes of Action One, Two, and Three, *infra*) may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b).

59.     Plaintiff, individually and on behalf of all others similarly situated, seeks relief on a collective basis challenging Defendants' above-described FLSA violations. The number and identity of other plaintiffs yet to opt-in and consent to be party plaintiffs may be determined from Defendants' records, and potential opt-in plaintiffs may easily and quickly be notified of the pendency of this action.

60.     Plaintiff brings Cause of Action Four, the Kansas Wage Payment Act claim arising out of Defendants' unlawful rounding policy, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

**Kansas Wage Payment Act Rule 23 Rounding Class**

All persons currently or formerly employed by Defendants in Kansas in hourly positions who worked and clocked in and out on an automated timeclock at any time from November 2, 2018 to the present.

61.     Plaintiff brings Cause of Action Five, the Kansas Wage Payment Act claim arising out of Defendants' automatic deduction of lunch breaks, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

**Kansas Wage Payment Act Rule 23 Automatic Deduction Class**

All persons currently or formerly employed by Defendants in Kansas in hourly positions whose hours worked were automatically deducted for lunch breaks at any time from November 2, 2018 to the present.

62.     Plaintiff brings Cause of Action Six, the Unjust Enrichment claim arising out of Defendants' unlawful rounding policies, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

**Unjust Enrichment Rule 23 Rounding Class**

All persons currently or formerly employed by Defendants in Kansas in hourly positions who worked and clocked in and out on an automated timeclock at any time from November 2, 2018 to the present.

63.     Plaintiff brings Cause of Action Seven, the Unjust Enrichment claim arising out of Defendants' unlawful manipulation of the FLSA workweek policy, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

**Unjust Enrichment Rule 23 Workweek Manipulation Policy Class**

All persons currently or formerly employed by Defendants in Kansas in hourly positions who worked a shift that began on a Saturday and ended on a Sunday during any workweek from November 2, 2018 to the present.

64.     Plaintiff brings Cause of Action Eight, the Unjust Enrichment claim arising out of Defendants' automatic deduction of lunch breaks, as a class action under Fed. R. Civ. P. 23, on behalf of himself and the following class:

**Unjust Enrichment Rule 23 Automatic Deduction Policy Class**

All persons currently or formerly employed by Defendants in Kansas in hourly positions whose hours worked were automatically deducted for lunch breaks at any time from November 2, 2018 to the present.

65.     Plaintiff's Rule 23 claims, described in detail below, satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Fed. R. Civ. P. 23.

66.     These classes each number in the hundreds of persons. As a result, joinder of all class members in a single action is impracticable. Class members may be informed of the pendency of this action through regular mail, e-mail, and/or posting of an approved notice.

67.     There are common questions of fact and law to the classes that predominate over any questions affecting only individual class members. The questions of law and fact common to the classes arising from Defendants' actions include, without limitation, the following:

  a. Whether Defendants' policies, practices, and/or procedures result in a failure to pay all straight time and overtime wages that are due and owing to Plaintiff and the putative class members;

  b. Whether Defendants' policies, practices, and/or procedures violate state and/or federal law;

  c. Whether Defendants willfully violated state/federal wage and hour laws.

68.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness, and equity to other available methods for the fair and efficient adjudication of the state law claims.

69.     Plaintiff's claims are typical of those of the respective classes in that class members have been employed in hourly positions and were subject to the same or similar unlawful practices as Plaintiff.

70.     A class action is the superior method for the fair and efficient adjudication to Plaintiff's claims. Defendants have acted or refused to act on grounds generally applicable to the classes. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendants, and/or substantially impair or impede the ability of class members to protect their interests.

71.     Plaintiff is an adequate representative because Plaintiff is a member of each of the respective classes that Plaintiff seeks to represent, and Plaintiff's interests do not conflict with the interests of the members of those classes. The interests of the members of the classes will be fairly and adequately protected by Plaintiff and Plaintiff's undersigned counsel, who is experienced in prosecuting complex wage and hour, employment, and class action litigation.

72.     Maintenance of this action is a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the classes who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

**ALLEGATIONS APPLICABLE TO ALL FLSA CLAIMS**

73.     At all times material herein, Plaintiff and all others similarly situated have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

74.     The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. *See* 29 U.S.C. § 206(a); 29 U.S.C. § 207(a)(1).

75.     Each of the Defendants are subject to the minimum wage and overtime pay requirements of the FLSA because they are enterprises engaged in interstate commerce and their employees are engaged in commerce.

76.     At all relevant times, Defendants were "employers" of Plaintiff, and all similarly situated employees, within the meaning of the FLSA. *See* 29 U.S.C. § 203(d).

77.     At all relevant times, Plaintiff and all similarly situated employees were Defendants' "employees" within the meaning of the FLSA. *See* 29 U.S.C. § 203(e).

78.     Plaintiff and all similarly situated employees are covered, non-exempt employees within the meaning of the FLSA. Accordingly, Plaintiff and all similarly situated employees must be paid overtime wages in accordance with 29 U.S.C. § 207.

79.     Plaintiff and all similarly situated employees regularly work hours in excess of forty hours in a workweek.

80.     Pursuant to the FLSA, employees are also entitled to be compensated at a rate of not less than one and one-half times the regular rate at which such employees are employed for all work performed in excess of 40 hours in a workweek. *See* 29 U.S.C. § 207(a).

81.     Although the FLSA contains some exceptions (or exemptions) from the minimum wage and overtime requirements, none of those exceptions (or exemptions) apply here.

82.     Plaintiff and all similarly situated employees are victims of uniform compensation policies.

83.     Plaintiff and all similarly situated employees are entitled to damages equal to the mandated minimum wage within the three (3) years preceding the filing of the original Class and Collective Action Complaint, plus periods of equitable tolling, because, as described above, Defendants acted willfully and knew, or showed reckless disregard of whether their conduct was prohibited by the FLSA.

84.     Defendants have acted neither in good faith nor with reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, and as a result, Plaintiff and

other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as described by Section 16(b) of the FLSA, codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendants acted in good faith or with reasonable grounds in failing to pay all overtime wages, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

85.     As a result of these violations of the FLSA's overtime wage provisions, compensation has been unlawfully withheld by Defendants from Plaintiff and all similarly situated employees. Accordingly, pursuant to 29 U.S.C. § 216(b), Defendants are liable for the unpaid overtime wages along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## ALLEGATIONS APPLICABLE TO ALL KWPA CLAIMS

86.     At all times material herein, Plaintiff and all other similarly situated Kansas putative class members have been entitled to the rights, protections, and benefits provided under the KWPA, Kan. Stat. Ann. § 44-313, *et seq.*

87.     The KWPA requires the payment of all wages due and prohibits deduction of wages outside of a narrow subset of permitted deductions which do not apply in this matter. *See* Kan. Stat. Ann. § 44-319.

88.     Defendants are subject to the minimum wage and overtime pay requirements of state and federal law.

89.     At all relevant times, Defendants were "employers" of Plaintiff, and all similarly situated employees, within the meaning of the KWPA. *See* Kan. Stat. Ann. § 44-313(a).

90.     At all relevant times, Plaintiff and all similarly situated employees were Defendants' "employees" within the meaning of the KWPA. *See* Kan. Stat. Ann. § 44-313(b).

91.     At all relevant times, Plaintiff and all similarly situated employees were entitled to straight time and overtime wages for all hours worked, consistent with state and federal law.

92.     At all relevant times, Plaintiff and similarly situated employees are victims of uniform compensation policies.

93.     Plaintiff and all similarly situated employees are entitled to damages equal to the unpaid straight time wages due and owing within the three (3) year period preceding the filing of the Complaint, plus periods of equitable tolling.

94.     Plaintiff and all similarly situated employees are entitled to additional damages for willful non-payment of straight time wages equal to up to 100% of the unpaid wages because Defendants acted willfully failed to pay all straight time wages due.

95.     Defendants are liable for the unpaid straight time wages along with additional amounts of liquidated damages, pre-judgement and post-judgment interest, reasonable attorneys' fees, and costs of this action.

## FIRST CAUSE OF ACTION

### Violation of the Fair Labor Standards Act

**Arising Out of Defendants' Unlawful Rounding Policy**

**Asserted Against All Defendants**

96.     Plaintiff re-alleges and incorporates by reference the allegations set forth above.

97.     Defendants currently employ and/or formerly employed Plaintiff and other hourly employees at Defendants' locations throughout the United States whose compensatory hours worked are determined in accordance with Defendants' policies, practices, and/or procedures.

98.     Defendants' policies, practices, and/or procedures regarding computation of compensable hours worked involve rounding of time in a manner that results, over time, in a failure to compensate its hourly employees for all time for which they actually work.

99.     As demonstrated in Paragraph 53, *supra*, Defendants' policies, practices, and/or procedures result in Plaintiff and similarly situated putative class members' time being rounded when it benefits the Defendants and not being rounded when such rounding might benefit Plaintiff and similarly situated putative class members.

18

100.    Plaintiff and similarly situated putative class members regularly work more than forty hours in a workweek and Defendants' rounding policies, practices, and/or procedures result in a systematic failure to pay all overtime compensation due and owing to Plaintiff and similarly situated putative class members in violation of the FLSA, 29 U.S.C. § 207.

101.    As a result of Defendants' above-described FLSA violations, and pursuant to 29 U.S.C. § 216(b), Plaintiff and other similarly situated employees are entitled to recover from Defendants all unpaid overtime wages that were improperly withheld pursuant to Defendants' unlawful rounding policy and an additional equal amount as liquidated damages.

102.    Defendants' FLSA violations alleged herein were willful in that Defendants either knew of the specific FLSA requirements and prohibitions at issue at the time of the alleged violations and intentionally did not comply with them, or showed reckless disregard for the matter of whether their conduct violated the FLSA.

103.    Plaintiff and other similarly situated employees are also entitled under the FLSA, 29 U.S.C. § 216(b), to recover a reasonable attorney's fee to be paid by the Defendants, and costs of this action.

**WHEREFORE**, on this Cause of Action of the First Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and pray this Court:

    a.    Issue notice to all similarly situated employees of Defendants informing them of their right to file consents to join the FLSA portion of this action;

    b.    Award Plaintiff the amount of all unpaid overtime wages unlawfully withheld by Defendants;

    c.    Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

    d.    Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

e.      Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b); and

f.      Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

## SECOND CAUSE OF ACTION

### Violation of the Fair Labor Standards Act

### Arising Out of Defendants' Workweek Manipulation Policy

### Asserted Against All Defendants

104.    Plaintiff re-alleges and incorporates by reference the allegations set forth above.

105.    Defendants currently employ and/or formerly employed Plaintiff and other hourly employees at Defendants' locations throughout the United States whose compensatory hours worked are determined in accordance with Defendants' policies, practices, and/or procedures. These policies, practices, and/or procedures further define the workweek, for purposes of the FLSA, as running from Sunday to Saturday.

106.    Defendants' policies, practices, and/or procedures provide that shifts that begin on Saturday and end on Sunday are paid as if the entire shift was worked on Sunday. Given that Defendants' define the workweek as running from Sunday to Saturday, this results in hours worked in one week being paid in a different week. As a result, where Plaintiff and/or putative class members work more than forty hours in a workweek, they are being denied all overtime compensation earned during that workweek in violation of the FLSA, 29 U.S.C. § 207.

107.    Plaintiff and similarly situated putative class members regularly work more than forty hours in a workweek and Defendants' workweek manipulation policies, practices, and/or procedures result in a systematic failure to pay all overtime compensation due and owing to Plaintiff and similarly situated putative class members in violation of the FLSA, 29 U.S.C. § 207.

108.    As a result of Defendants' above-described FLSA violations, and pursuant to 29 U.S.C. § 216(b), Plaintiff and other similarly situated employees are entitled to recover from

Defendants all unpaid overtime wages that were improperly withheld pursuant to Defendants' workweek manipulation policy and an additional equal amount as liquidated damages.

109.     Defendants' FLSA violations alleged herein were willful in that Defendants either knew of the specific FLSA requirements and prohibitions at issue at the time of the alleged violations and intentionally did not comply with them, or showed reckless disregard for the matter of whether their conduct violated the FLSA.

110.     Plaintiff and other similarly situated employees are also entitled under the FLSA, 29 U.S.C. § 216(b), to recover a reasonable attorney's fee to be paid by the Defendants, and costs of this action.

**WHEREFORE**, on this Cause of Action of the First Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and pray this Court:

g.     Issue notice to all similarly situated employees of Defendants informing them of their right to file consents to join the FLSA portion of this action;

h.     Award Plaintiff the amount of all unpaid overtime wages unlawfully withheld by Defendants;

i.     Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);

j.     Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;

k.     Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b); and

l.     Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

### THIRD CAUSE OF ACTION

### Violation of the Fair Labor Standards Act

### Arising Out of Defendants' Automatic Deduction Policy

**Asserted Against All Defendants**

111.     Plaintiffs re-alleges and incorporates by reference the allegations set forth above.

112.     Defendants currently employ and/or employed Plaintiff and other hourly employees at Defendants' locations throughout the United States whose compensatory hours worked are determined in accordance with Defendants' policies, practices, and/or procedures.

113.     Defendants' policies, practices, and/or procedures regarding computation of compensable hours worked involve an automatic 30-minute deduction for lunch regardless of whether or not Plaintiff or similarly situated putative class members actually take such a break. This policy results, over time, in a failure to compensate its hourly employees for all time for which they actually work.

114.     Plaintiff and similarly situated putative class members regularly work more than forty hours in a workweek and Defendants' deduction policies, practices, and/or procedures result in a systematic failure to pay all overtime compensation due and owing to Plaintiff and similarly situated putative class members in violation of the FLSA, 29 U.S.C. § 207.

115.     As a result of Defendants' above-described FLSA violations, and pursuant to 29 U.S.C. § 216(b), Plaintiff and other similarly situated employees are entitled to recover from Defendants all unpaid overtime wages that were improperly withheld pursuant to Defendants' automatic deduction policy and an additional equal amount as liquidated damages.

116.     Defendants' FLSA violations alleged herein were willful in that Defendants either knew of the specific FLSA requirements and prohibitions at issue at the time of the alleged violations and intentionally did not comply with them, or showed reckless disregard for the matter of whether their conduct violated the FLSA.

117.     Plaintiff and other similarly situated employees are also entitled under the FLSA, 29 U.S.C. § 216(b), to recover a reasonable attorney's fee to be paid by the Defendants, and costs of this action.

**WHEREFORE**, on this Cause of Action of the First Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and pray this Court:

> m.    Issue notice to all similarly situated employees of Defendants informing them of their right to file consents to join the FLSA portion of this action;
>
> n.    Award Plaintiff the amount of all unpaid overtime wages unlawfully withheld by Defendants;
>
> o.    Award Plaintiff and all similarly situated employees liquidated damages under 29 U.S.C. § 216(b);
>
> p.    Award Plaintiff and all similarly situated employees pre-judgment and post-judgment interest as provided by law;
>
> q.    Award Plaintiff and all similarly situated employees attorneys' fees and costs under 29 U.S.C. § 216(b); and
>
> r.    Award Plaintiff and all similarly situated employees such other relief as the Court deems fair and equitable.

## FOURTH CAUSE OF ACTION

### Violation of the Kansas Wage Payment Act

### Arising Out of Defendants' Unlawful Rounding Policy

### Asserted Against All Defendants

118.    Plaintiff re-alleges and incorporates by reference the allegations set forth above.

119.    Defendants currently employ and/or formerly employed Plaintiff and other hourly employees at Defendants' locations throughout the state of Kansas whose compensatory hours worked are determined in accordance with Defendants' policies, practices, and/or procedures.

120.    Defendants' policies, practices, and/or procedures regarding computation of compensable hours worked involve rounding of time in a manner that results, over time, in a failure to compensate its hourly employees for all time for which they actually work.

121.    As demonstrated in Paragraph 53, *supra*, Defendants' policies, practices, and/or procedures result in Plaintiff and similarly situated putative class members' time being rounded when it benefits the Defendants and not being rounded when such rounding might benefit Plaintiff and similarly situated putative class members.

122.    Plaintiff and similarly situated putative class members are hourly employees who reached agreements with Defendants to be paid a certain amount of compensation for each hour worked for Defendants.

123.    Defendants' rounding policies, practices, and/or procedures result in a systematic failure to pay all hourly wages due and owing in accordance with their agreements with Plaintiff and similarly situated putative class members. Such a failure to pay all wages due is a violation of Kan. Stat. Ann. § 44-314.

124.    As a result of Defendants' above-described willful KWPA violations, and pursuant to Kan. Stat. Ann. § 44-315 and Fed. R. Civ. P. 23, Plaintiff and other similarly situated employees are entitled to recover from Defendants all unpaid straight time wages that were improperly withheld pursuant to Defendants' unlawful rounding policy and an additional amount up to 100% of such unlawfully withheld wages as liquidated damages.

**WHEREFORE**, on this Cause of Action of the First Complaint, Plaintiff and all similarly situated employees demand judgment against Defendants and pray this Court:

    a.   Certify the state law claim set forth in this Cause of Action as a class action pursuant to Fed. R. Civ. P. 23;

    b.   Award Plaintiff and the Class damages for unpaid straight time wages and liquidated damages under Kan. Stat. Ann. § 44-315 as a result of the deductions at issue;

    c.   Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law;

    d.   Award Plaintiff and the Class' counsel attorneys' fees and costs as allowed by the law; and

    e.   Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

## FIFTH CAUSE OF ACTION

### Violation of the Kansas Wage Payment Act

**Arising Out of Defendants' Automatic Timeclock Deduction Policy**

**Asserted Against All Defendants**

125.   Plaintiff re-alleges and incorporates by reference the allegations set forth above.

126.   Defendants currently employ and/or formerly employed Plaintiff and other hourly employees at Defendants' locations throughout the state of Kansas whose compensatory hours worked are determined in accordance with Defendants' policies, practices, and/or procedures.

127.   Defendants' policies, practices, and/or procedures regarding computation of compensable hours worked involve an automatic deduction for lunch breaks for their hourly employees regardless of whether the employee actually takes a thirty-minute uninterrupted "meal break."

128.   Defendants do not ensure that Plaintiff and similarly situated putative class members are completely relieved from their work duties during their uncompensated "meal breaks."

129.   Defendants do not prohibit Plaintiff and similarly situated putative class members from working during their "meal breaks" and routinely suffer and permit Plaintiff and similarly situated putative class members to perform work during such uncompensated "meal breaks."

130.   Defendants routinely fail to ensure that unauthorized work is not being performed during employee "meal breaks."

131.     Defendants' policies, practices, and/or procedures is to expect that Plaintiff and similarly situated putative class members remain ready on premises to return to work at the needs of the Defendants' business during such uncompensated "meal breaks."

132.     Defendants regularly observe Plaintiff and similarly situated putative class members performing work during their uncompensated "meal breaks."

133.     Plaintiff and similarly situated putative class members are not given any mechanism to ensure that they are compensated for "meal breaks" during which they are asked to perform work.

134.     Defendants' policies, practices, and/or procedures result in a systematic underpayment of wages to its employees in violation of the agreements that they have made with Plaintiffs and similarly situated putative class members to pay them by the hour for each hour that they perform compensable work in violation of Kan. Stat. Ann. § 44-314.

135.     As a result of Defendants' above-described willful KWPA violations, and pursuant to Kan. Stat. Ann. § 44-315 and Fed. R. Civ. P. 23, Plaintiff and other similarly situated employees are entitled to recover from Defendants all unpaid straight time wages that were improperly withheld pursuant to Defendants' unlawful automatic deduction policy and an additional amount up to 100% of such unlawfully withheld wages as liquidated damages.

**WHEREFORE**, on this Cause of Action, Plaintiff and all similarly situated employees demand judgment against Defendants and pray this Court:

    a.   Certify the state law claim set forth in this Cause of Action as a class action pursuant to Fed. R. Civ. P. 23;

    b.   Award Plaintiff and the Class damages for unpaid straight time wages and liquidated damages under Kan. Stat. Ann. § 44-315 as a result of the deductions at issue;

    c.   Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law;

d.  Award Plaintiff and the Class' counsel attorneys' fees and costs as allowed by the law; and

e.  Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

## SIXTH CAUSE OF ACTION

### Unjust Enrichment / Quantum Meruit

### Arising Out of Defendants' Unlawful Rounding Policy

### Asserted Against All Defendants

136.  Plaintiffs re-allege and incorporate by reference the allegations set forth above.

137.  Defendants have benefited from the unpaid work performed by Plaintiff and similarly situated putative class members whose compensable time was deducted as a result of Defendants' unlawful rounding policies, practices, and/or procedures. As a result of Defendants' unlawful rounding policies, practices, and/or procedures, Defendants' failed to pay all minimum and overtime wages that were due and owing to Plaintiff and similarly situated putative class members.

138.  Defendants were aware or should have been aware that they were receiving the benefit of unpaid work at the time the work was being performed and accepted and retained that benefit without paying fair compensation for the same.

139.  Defendants' acceptance and retention of the benefit of Plaintiff and similarly situated putative class members' unpaid labor was inequitable and resulted in Defendants being unjustly enriched.

**WHEREFORE**, on this Cause of Action, Plaintiff and all similarly situated employees demand judgment against Defendants and pray this Court:

a.  Certify the state law claim set forth in this Cause of Action as a class action pursuant to Fed. R. Civ. P. 23;

27

b.   Order Defendants to disgorge the value of their ill-gained benefits to Plaintiff and similarly situated putative class members;

c.   Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law;

d.   Award Plaintiff and the Class' counsel attorneys' fees and costs as allowed by the law; and

e.   Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

**SEVENTH CAUSE OF ACTION**

**Unjust Enrichment / Quantum Meruit**

**Arising Out of Defendants' Unlawful Workweek Manipulation Policy**

**Asserted Against All Defendants**

140.   Plaintiffs re-allege and incorporate by reference the allegations set forth above.

141.   Defendants have benefited from the manipulation of the workweeks to avoid the payment of all overtime compensation due and owing to Plaintiff and similarly situated putative class members. As a result of Defendants' unlawful rounding policies, practices, and/or procedures, Defendants' failed to pay all overtime wages that were due and owing to Plaintiff and similarly situated putative class members.

142.   Defendants were aware or should have been aware that they were unlawfully manipulating the compensable workweek in an effort to avoid the payment of all overtime compensation and accepted and retained that benefit without paying fair compensation for the same.

143.   Defendants' acceptance and retention of the benefit of Plaintiff and similarly situated putative class members' unpaid labor was inequitable and resulted in Defendants being unjustly enriched.

28

**WHEREFORE**, on this Cause of Action, Plaintiff and all similarly situated employees demand judgment against Defendants and pray this Court:

    a.  Certify the state law claim set forth in this Cause of Action as a class action pursuant to Fed. R. Civ. P. 23;

    b.  Order Defendants to disgorge the value of their ill-gained benefits to Plaintiff and similarly situated putative class members;

    c.  Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law;

    d.  Award Plaintiff and the Class' counsel attorneys' fees and costs as allowed by the law; and

    e.  Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

## EIGHTH CAUSE OF ACTION

### Unjust Enrichment / Quantum Meruit

### Arising Out of Defendants' Unlawful Automatic Deduction Policy

### Asserted Against All Defendants

144.    Plaintiffs re-allege and incorporate by reference the allegations set forth above.

145.    Defendants have benefited from the unpaid work performed by Plaintiff and similarly situated putative class members whose compensable time was deducted as a result of Defendants' unlawful automatic "meal break" deduction policies, practices, and/or procedures. As a result of Defendants' unlawful automatic "meal break" deduction policies, practices, and/or procedures, Defendants' failed to pay all minimum and overtime wages that were due and owing to Plaintiff and similarly situated putative class members.

146.    Defendants were aware or should have been aware that they were receiving the benefit of unpaid work at the time the work was being performed and accepted and retained that benefit without paying fair compensation for the same.

147.   Defendants' acceptance and retention of the benefit of Plaintiff and similarly situated putative class members' unpaid labor was inequitable and resulted in Defendants being unjustly enriched.

**WHEREFORE**, on this Cause of Action, Plaintiff and all similarly situated employees demand judgment against Defendants and pray this Court:

    a.  Certify the state law claim set forth in this Cause of Action as a class action pursuant to Fed. R. Civ. P. 23;

    b.  Order Defendants to disgorge the value of their ill-gained benefits to Plaintiff and similarly situated putative class members;

    c.  Award Plaintiff and the Class pre-judgment and post-judgment interest as provided by law;

    d.  Award Plaintiff and the Class' counsel attorneys' fees and costs as allowed by the law; and

    e.  Award Plaintiff and the Class such other relief as the Court deems fair and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rule of Civil Procedure 38, Plaintiffs hereby request a trial by jury of all issues so triable.

Dated: November 2, 2021

Respectfully submitted:

**OSMAN & SMAY LLP**
*/s/ Matthew E. Osman*
**MATTHEW E. OSMAN, ESQ.**
Kansas Bar No.: 23563
E-mail:  mosman@workerwagerights.com
7111 W. 151st St., #316
Overland Park, Kansas 66223
Tel.:      (913) 667-9243
Fax:      (866) 470-9243

*Counsel for Plaintiff*