# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MARLON ROBERTSON, individually, and
on behalf of all others similarly situated,

    *Plaintiff,*

vs.

VVF INTERVEST, LLC, VVF KANSAS,
LLC, & VVF KANSAS SERVICES, LLC,

    *Defendants.*

Case No. 21-2507-EFM

## ORDER GRANTING FINAL APPROVAL
## OF COLLECTIVE SETTLEMENT ACTION

Now before the Court is a motion for final approval of a settlement of a class and collective action advanced under the Fair Labor Standards Act ("FLSA") by Plaintiff Marlon Robertson ("Named Plaintiff"), on behalf of himself and all others similarly situated, and Defendants VVF Intervest, LLC; VVF Kansas, LLC; and VVF Kansas Services, LLC (collectively, "Defendants" or "Settling Entities"). (Doc. 47). The Court has considered the Plaintiff's Unopposed Motion for Final Approval of Collective Action Settlement and other related materials submitted by the Parties, as well all the pleadings and submissions on file with the Court, and being fully informed in the premises, hereby finds and orders as follows:

1. Unless otherwise defined herein, all terms used in this Order (the "Final Approval Order") will have the same meaning as defined in the Settlement Agreement. (Doc. 48-1).

2. The Court has jurisdiction over the subject matter of this Litigation pursuant to 28 U.S.C. §§ 1331, 1332, and 1367, including jurisdiction over all members of the Settlement Collective.

3. The Court certifies, for settlement purposes only, the following Settlement Collective pursuant to the Settlement Agreement and 29 U.S.C. § 216(b):

> All current and former non-exempt hourly employees who were employed by Defendants at their Kansas facilities any time from November 2, 2018 through December 31, 2022.

4. The Court finds that the resolution of the FLSA claims represents a fair and reasonable resolution of a *bona fide* dispute.

5. This Court grants final approval of the Settlement.

6. Collective Members shall receive their settlement shares according to the allocation formula and procedures set forth in the Settlement Agreement. Any portion of the Net Settlement Amount that is not claimed by Collective Members because those individuals did not timely negotiate their Settlement Checks will revert back to the Defendants.

7. The Service Payments of $3,500 to Plaintiff Marlon Robertson and $2,500 to Plaintiff Sampson Deloach from the Maximum Settlement Fund are approved.

8. Plaintiff's Counsel is awarded $86,000 for attorneys' fees and $13,655 for costs and expenses (inclusive of cost of settlement administration in the amount of $800) and will receive such payment from the Maximum Settlement Fund according to the procedures set forth in the Settlement Agreement.

9. Within 30 days of the date of this Order, Defendants are ordered to issue Settlement Checks to the Collective Members.

10. Within 30 days of the date of this Order, Defendants are ordered to deliver to Plaintiff's Counsel: (1) the Settlement Checks to the Collective Members; (2) Service Payments; and (3)

Plaintiff's Counsel's attorneys' fees, expenses, and cost, including Settlement Administration Cost.

11. Within 45 days of the date of this Order, Plaintiff's Counsel shall mail the Settlement Checks via U.S. Mail to the Collective Members. Settlement Checks that are not negotiated within 120 days of issuance shall become void.

12. Neither this Order, the Settlement Agreement, nor any other documents or information relating to the settlement of this Litigation shall constitute, be construed to be, or be admissible in this Litigation or any other proceeding as evidence: (a) that any group of similarly situated or other employees exists to maintain a collective action under the FLSA, or a class action under Rule 23 of the Federal Rules of Civil Procedure, or comparable state laws or rules; (b) of an adjudication of the merits of this Litigation; (c) of an adjudication of any of the matters subject to the Releases in the Settlement Agreement; (d) that any party has prevailed in this case; (e) that the Settling Entities, or the Released Parties have engaged in any wrongdoing; or (f) that Defendants are an employer or joint employer of Named Plaintiff, Collective Employee, or anyone else.

13. This matter is dismissed with prejudice as to Collective Members who negotiate their Settlement Checks within 120 days of issuance.

14. This matter is dismissed without prejudice as to Collective Members who fail to negotiate their Settlement Checks within 120 days of issuance.

15. Except as provided in the Settlement Agreement, each Party shall bear its own attorneys' fees, expenses, and costs.

16. The Clerk is directed to enter judgment consistent with this Order.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Final Approval (Doc. 47) is hereby **GRANTED** as provided herein.

**IT IS SO ORDERED**.

Dated this 7th day of August, 2023.

                                            ERIC F. MELGREN
                                            CHIEF UNITED STATES DISTRICT JUDGE